UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO CHAVEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF CALIFORNIA, et al.,<br><br>　　　　　Defendants. | No. 1:19-cv-00646-DAD-JLT<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS<br><br>(Doc. No. 28) |

This matter is before the court on a motion to dismiss plaintiff's first amended complaint ("FAC") filed by defendants City of California City (the "City") and four of its police officers (collectively, "defendants"). (Doc. No. 28.) A hearing on the motion was held on November 5, 2019. Attorney Herbert John Hayden appeared telephonically on behalf of plaintiff Ricardo Chavez ("plaintiff"). Attorney Patrick Daniel Moriarty appeared telephonically on behalf of defendants. The court has considered the parties' briefs and oral arguments and, for the reasons set forth below, will grant defendants' motion to dismiss without leave to amend.

## BACKGROUND

In his FAC, plaintiff alleges as follows. On or about April 7, 2019, plaintiff invited three individuals to a house he owned, located at 17093 Hacienda Boulevard, California City, CA 93505 (the "Property"), to assist him with loading equipment into a rental truck in order to move the equipment to a storage facility. (Doc. No. 23 ("FAC") at ¶¶ 4, 23.) That same day, defendant

1

Brian Hansen, an officer employed by the California City Police Department ("CCPD"), arrived at the Property. (*Id.* at ¶ 25.) Plaintiff identified himself to defendant Officer Hansen as the owner of the house. (*Id.* at ¶¶ 26, 27.) Defendant Officer Hansen replied that he was responding to a call regarding a suspected burglary. (*Id.* at ¶ 27.) Shortly thereafter another CCPD officer, defendant Officer Ortega,[1] arrived at the Property. (*Id.* at ¶ 28.) Plaintiff "asked the police officers to leave the [] Property because there was no burglary in progress . . .." (*Id.* at ¶ 29.)

The police officers, however, did not leave, and instead "proceeded to attempt a search of the residence/home . . . and [searched the] Penske rental truck parked in the driveway of the [] Property." (*Id.* at ¶ 30.) Plaintiff alleges that this search was conducted "without a warrant, probable cause[,] or reasonable suspicion that any crime whatsoever had been committed by Plaintiff or any of his guests." (*Id.* at ¶ 31.) After searching the rental truck, defendant Officer Hansen informed plaintiff and his guests that "trace amount[s] of cannabis residue" was found on the equipment inside the truck and he placed the four men under arrest. (*Id.* at ¶ 38.) Later that day, defendant Officer Hansen applied for and was issued a search warrant for the Property. (*Id.* at ¶ 39.) CCPD sergeants defendants Jack Craig and Jesse Hightower, along with defendants Officers Hansen and Ortega and Does 1–50, executed that search warrant. (*Id.* at ¶ 40.) While searching the Property, "the officers damaged and destroyed Plaintiff's personal property," "seized numerous household items, furniture, and equipment from the [] Home and the Penske rental truck," and "dumped over beds and furniture, removed clothing and other personal items from closets, cabinets, and dressers[,] leaving hallways, passageways, doorways, and other pathways blocked and cluttered." (*Id.* at ¶ 41.)

As a result of the search, plaintiff was charged in the Kern County Superior Court with opening or maintaining a place for the purpose of selling a controlled substance (honey oil[2]), in violation of California Health & Safety Code § 11366, as well as five other charges. (*Id.* at ¶ 53.)

---

[1] Defendant Ortega's first name is not alleged in the FAC.

[2] "Honey oil" is a concentrated form of marijuana produced by the solvent extraction of marijuana.

Plaintiff pled *nolo contendere* to violating Health & Safety Code § 11366,³ and the remaining charges brought against him were dismissed. (*Id.* at ¶ 54.) Since plaintiff entered his plea, defendants have not returned to him the property seized pursuant to the warrant. (*Id.* at ¶ 55.)

Based on these facts, the FAC asserts the following causes of action: (1) unlawful search in violation of the Fourth Amendment; (2) unlawful seizure in violation of the Fourth Amendment; (3) conversion; (4) intentional infliction of emotional distress; (5) false arrest or imprisonment; (6) negligence; and (7) violations of California's Bane Act, California Civil Code § 52.1.⁴ (*Id.* at 15–28.) Each of the claims is asserted against each of the named defendants.

On September 6, 2019, defendants filed the pending motion to dismiss. On September 24, 2019, plaintiff filed his opposition to that motion and, on October 29, 2019, defendants filed their reply. (Doc. Nos. 31, 34.)

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

³ The FAC alleges that plaintiff pled *nolo contendere* to violating California Health & Safety Code § 11366.5(A) (*see* FAC at ¶ 54), but this is clearly a typographical error since a review of the other allegations of the FAC, as well as the plea itself which this court will take judicial notice of, indicates that plaintiff pled *nolo contendere* to the § 11366 charge (*see, e.g.*, Doc. No. 28-1 at 30).

⁴ The FAC also asserts a cause of action for violations of the Fourteenth Amendment's Equal Protection Clause. (*See* FAC at 18–20.) However, in his opposition to the pending motion, plaintiff stated that this claim may be dismissed with prejudice as to all defendants. (Doc. No. 31 at 8.) Accordingly, the court will dismiss plaintiff's equal protection claim with prejudice.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

**ANALYSIS**

In moving to dismiss, defendants' primary argument is that the FAC fails to state a claim because each of plaintiff's causes of action is barred either by the decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), or its California state-law equivalent, *Yount v. City of Sacramento*, 43 Cal. 4th 885 (2008), both of which prohibit a plaintiff from asserting a claim that would necessarily imply the invalidity of a criminal conviction or sentence. (Doc. No. 28 at 2, 18, 23.)

Before analyzing this argument, the court will first address defendants' request for judicial notice.

**A.     Defendants' Request for Judicial Notice Will Be Granted**

Defendants request that the court take judicial notice of: (1) a copy of the search warrant authorizing the search of the Property and defendant Hansen's affidavit in support thereof; (2) a certified copy of the criminal complaint filed against plaintiff in the Kern County Superior Court; (3) a certified copy of the register of actions from the state court criminal case; (4) a certified copy of plaintiff's entry of plea form in the state court action; (5) a certified copy of the transcript

4

from the plea hearing; and (6) a certified copy of the "Declaration of Probable Cause" and the police report relating to the events of April 7, 2019. (Doc. No. 28-1 at 2; *see also id.* at Exs. A–F.) Plaintiff objects to defendants' request to the extent they are "seek[ing] to establish the truthfulness of Defendant Hansen's narrative in the search warrant . . . and the incident-related police reports . . . ." (Doc. No. 32 at 2.)

Ordinarily, the court considers only the complaint and documents attached thereto in deciding a motion to dismiss; however, the court may also take judicial notice of matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001). Pursuant to the Federal Rule of Evidence 201(b), a court may "judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." When a court takes judicial notice of a document, "it may do so not for the truth of the facts recited therein, but for the existence of the [record], which is not subject to reasonable dispute over its authenticity." *Lee*, 250 F.3d at 690 (internal quotation marks and citation omitted).

Here, the court will take judicial notice of the certified copies of the documents from the file of the state court criminal prosecution of plaintiff. *See Lininger v. Pfleger,* No. 17-cv-03385-SVK, 2017 WL 5128170, at *1 (N.D. Cal. Nov. 6, 2017) ("The documents submitted for judicial notice are documents filed in Plaintiff's state court criminal proceedings, which are suitable for judicial notice under Fed. R. Evid. 201(b).") (citing *Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006)). The court will also take judicial notice of the certified copy of the police report because, as discussed in this order, that report formed the factual basis for plaintiff's entry of a *nolo contendere* plea and was a document filed in the state court criminal action. Finally, the court will take judicial notice of the search warrant, as "[c]ourts regularly find that search

/////
/////
/////
/////

5

warrants are public records properly subject to judicial notice[.]" *Ferguson v. California Dep't of Justice*, No. 16-cv-06627-HSG, 2017 WL 2851195, at *1 (N.D. Cal. July 4, 2017).[5]

**B.      Plaintiff's Federal Claims are Barred by *Heck***

As noted, in moving to dismiss, defendants argue that plaintiff's claims that his detention, arrest, and search of his property were unlawful are barred by the decision in *Heck*. In *Heck*, the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a [plaintiff] seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed . . .. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 486–87.

Here, the parties agree that plaintiff was convicted pursuant to his *nolo contendere* plea to opening or maintaining a place for the purpose of selling a controlled substance (honey oil), in violation of California Health & Safety Code § 11366. The parties also agree that the conviction has not been reversed, expunged, declared invalid, or called into question by the issuance of a writ of habeas corpus. Defendants argue that, as a result, plaintiff's claims presented in this civil action are *Heck* barred because: (1) "[b]y attacking the lawfulness of his seizure, Plaintiff calls into question the propriety of his Health & Safety Code § 11366 conviction"; and (2) "[s]uccess

---

[5] In addition, the court notes that plaintiff incorporated the search warrant into his FAC by reference in alleging that defendants "seized objects outside the scope of those enumerated in the search warrant." (FAC at ¶ 60d); *see also Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) ("[T]he 'incorporation by reference' doctrine [applies] to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint.").

6

on Plaintiff's unlawful search claim would necessarily invalidate his conviction." (Doc. No. 28 at 19–20.) Plaintiff counters that his claims are not *Heck*-barred because his "conviction [wa]s derived from a plea rather than from a verdict obtained by supposedly illegal evidence." (Doc. No. 31 at 3.) As one court has observed under similar circumstances, "[t]he parties' disagreement on this point reflects tension in the case law applying *Heck* in the context of guilty and no-contest pleas[.]" *Farrow v. Lipetzky*, No. 12-cv-06495-JCS, 2017 WL 1540637, at *8 (N.D. Cal. Apr. 28, 2017). Ninth Circuit law on this issue has been described by another district court as "admittedly somewhat confusing[.]" *Best v. Beresford,* No. 3:18-cv-00554-RCJ-WGC, 2019 WL 1461921, at *8 (D. Nev. Feb. 27, 2019), *report and recommendation adopted,* No. 3:18-cv-00554-RCJ-WGC, 2019 WL 1472360 (D. Nev. Apr. 2, 2019). Below, the court will address the relevant Ninth Circuit decisions.

The first such decision is that in *Szajer v. City of Los Angeles*, 632 F.3d 607 (9th Cir. 2011). In that case, although originally charged in thirteen criminal counts, both plaintiffs entered a plea of no contest to a single count of felony possession of a weapon. *Id.* at 609. Thereafter, the plaintiffs filed a § 1983 suit alleging that police officers had violated their civil rights by conducting illegal searches and unlawfully seizing their personal property, arguing that the police had created fictitious informants and included false information in their applications for a search warrant authorizing the search of the plaintiffs' residence and a vacation home. *Id.* at 609–10. The district court concluded that the plaintiffs' claims were barred by *Heck* because a finding in their favor would necessarily imply the invalidity of their convictions entered pursuant to their no contest plea. *Id.* at 610. The Ninth Circuit affirmed, relying on its prior decision in *Whitaker v. Garcetti*, 486 F.3d 572, 574 (9th Cir. 2007). In *Whitaker* the court had held that plaintiffs, who were convicted of possession of cocaine by way of guilty plea, were *Heck*-barred from bringing § 1983 claims alleging that police officers provided false information in an application "for wiretaps that ultimately produced the evidence that triggered the investigations against them" because doing so would "'challenge the search and seizure of the evidence upon which their criminal charges and convictions were based.'" *Szajer*, 632 F.3d at 611 (quoting *Whitaker*, 486 F.3d at 577, 584).

7

A few months after *Szajer* was decided, the Ninth Circuit issued its decision in *Lockett v. Ericson*, 656 F.3d 892 (9th Cir. 2011), a case upon which plaintiff relies heavily here in opposing the pending motion to dismiss. At first glance, the holding in *Lockett* may arguably appear to contradict the Ninth Circuit's prior decisions in *Szajer* and *Whitaker* which were not addressed in *Lockett*. However, upon closer review it becomes clear that such is not the case. In *Lockett*, the plaintiff's neighbor had reported him for drunk driving after he drove his car off road, abandoned it, and walked home. *Id.* at 894. Plaintiff brought a § 1983 action against the police department and several of its officers alleging violations of the Fourth Amendment after the officers entered his home "without a warrant and obtained evidence that he had driven under the influence earlier in the night." *Id.* at 893. "The ensuing state prosecution concluded when [the plaintiff] pled nolo contendere to a violation of [the] California Vehicle Code." *Id.* The defendants in *Lockett* argued that the plaintiff's subsequent § 1983 action was barred by *Heck* because successfully arguing that the search of his home was unconstitutional would render his conviction invalid. *Id.* at 895. The district court agreed and dismissed plaintiff's complaint as *Heck* barred. The Ninth Circuit reversed, noting that Lockett's conviction was obtained as the result of his *nolo contendere* plea and that "[h]e was not tried, and no evidence was introduced against him." *Id.* at 896–97. The court found that Lockett's conviction did "not in any way depend on the legality of the search of his home," and that his conviction therefore did not bar his § 1983 suit challenging the legality of the search of his home. *Id.* at 897 .

Without addressing its prior decisions in *Szajer* and *Whitaker*, the Ninth Circuit in *Lockett* found that the its prior holding in *Ove v. Gwinn*, 264 F.3d 817 (9th Cir. 2001), was "dispositive in Lockett's case." 656 F.3d at 896. In *Ove*, three plaintiffs who were arrested for suspicion of driving under the influence of alcohol consented to blood tests and subsequently had their blood drawn. 264 F.3d at 820. After criminal charges were filed, each of the plaintiffs moved to suppress the blood test results. *Id.* One plaintiff's motion was granted and his case was dismissed; one plaintiff's motion was taken off calendar; and one's motion was denied. *Id.* Thereafter, the latter two plaintiffs (Ove and Forest) pled *nolo contendere* and guilty, respectively. *Id.* The plaintiffs eventually filed a civil suit and asserted a § 1983 claim, alleging

8

that defendants "conspired and arranged for the use of employees in the withdrawal of blood who were not licensed, qualified, or permitted to draw blood or handle syringes under California law." *Id.* (internal quotation marks omitted). The district court dismissed the § 1983 claim, arguing that it was barred by *Heck*. *Id.* at 821. The Ninth Circuit reversed, holding that:

> [I]t is apparent that the plaintiffs' lawsuit, even if successful, would not necessarily imply the invalidity of Ove and Forest's DUI convictions. Their lawsuit concerns the way in which their blood was drawn. But blood evidence was not introduced against them. *No* evidence was introduced against them. They pleaded guilty or nolo contendere, respectively. *Their convictions derive from their pleas, not from verdicts obtained with supposedly illegal evidence.* The validity of their convictions does not in any way depend upon the legality of the blood draws . . . .
>
> The point is illustrated by [the Ninth Circuit's] decision in *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996). In *Smithart*, the plaintiff had pleaded guilty in state court to assault with a deadly weapon. In his federal § 1983 lawsuit, the plaintiff alleged, first, that he had been arrested without probable cause and had unfounded criminal charges brought against him, and second, that he had been the victim of excessive force during his arrest. [The Ninth Circuit] held that the former claim was barred by *Heck* because it would necessarily imply the invalidity of the conviction, but that the excessive force claim was not. Even if the plaintiff recovered a judgment for damages for excessive force, the validity of his underlying guilty plea and conviction would not be affected.

*Id.* at 823 (footnotes omitted). The *Ove* court found that "Ove and Forest's § 1983 claim . . . [wa]s analogous to Smithart's excessive force claim" because, "[e]ven if the plaintiffs prove[d] everything they allege[d] about the blood draws, a judgment in their favor w[ould] not imply the invalidity of their DUI convictions [as] the convictions d[id] not depend upon the blood draws." *Id.*

The Ninth Circuit confronted the issue of *Heck*'s applicability to no contest pleas again in *Byrd v. Phoenix Police Department*, 885 F.3d 639, 645 (9th Cir. 2018). There, the plaintiff had pleaded guilty to conspiracy to commit possession of a dangerous drug. *Id.* at 641. Subsequently, he filed a § 1983 complaint alleging violations of his constitutional rights during the traffic stop that resulted in his arrest and eventual conviction. *Id.* at 640. The plaintiff alleged that officers had stopped him for riding his bicycle without a headlight but did not cite him for that violation, and instead searched him and his belongings, and thereafter "beat the crap out of

him," causing serious injuries. *Id.* at 640–41. Among other claims, he alleged that he was unlawfully searched and seized by the officers. *Id.* at 641. The district court dismissed the plaintiff's unlawful search and seizure claims as barred by *Heck*. *Id.* The Ninth Circuit, however, reversed. *Id.* at 643. After analyzing its prior decisions involving the applicability of *Heck* to pleas—including those in *Ove*, *Sjazer*, *Whitaker*, and *Lockett*—the Ninth Circuit found that *Heck* did not bar the plaintiff's search and seizure claims because he pleaded guilty to the conspiracy charge and no evidence was produced against him at his plea hearing. *Id.* at 644. The defendants argued that the decisions in *Sjazer* and *Whitaker* supported application of the *Heck* bar to the plaintiff's claims, but the *Byrd* court distinguished those cases from the one before it, noting that, in those cases, the evidence supporting the possession convictions was found in the challenged searches, and therefore prevailing on a § 1983 suit challenging those searches would necessarily imply the invalidity of the convictions. *Id.* at 644–45.

> [I]n contrast, Byrd's conviction was based on methamphetamine he threw when the police were questioning him, which they subsequently recovered "a distance away from where he was at." Byrd's civil suit concerns allegations that the police illegally searched his person and used excessive force on him—*after* they discovered the drugs, for all we know—which has nothing to do with the evidentiary basis for his conspiracy conviction.

*Id.* at 645. Thus, the Ninth Circuit concluded that "success in Byrd's § 1983 action [would] not 'necessarily imply' that his conviction was invalid." *Id.*

Several district courts have found the aforementioned Ninth Circuit jurisprudence to be confusing. *See, e.g.*, *Taylor v. Cty. of Pima*, No. CV-15-00152-TUC-RM, 2017 WL 6550590, at *8 (D. Ariz. Mar. 16, 2017) ("At first glance, the decisions in *Lockett*, *Ove*, and *Szajer* appear to be inconsistent."), *motion to certify appeal granted, reconsideration denied,* No. CV-15-00152-TUC-RM, 2017 WL 6550602 (D. Ariz. June 6, 2017), *and aff'd in part, appeal dismissed in part,* 913 F.3d 930 (9th Cir. 2019); *Hilson v. Arnett*, No. 1:15-cv-01240-DAD-MJS (PC), 2017 WL 1375219, at *3 (E.D. Cal. Apr. 17, 2017) ("District courts have struggled to divine the import of *Lockett* on the relationship between *Heck* and no contest pleas."), *report and recommendation adopted,* No. 1:15-cv-01240-DAD-MJS (PC), 2017 WL 1956729 (E.D. Cal. May 11, 2017); *Cooley v. City of Vallejo*, No. 2:14-CV-0620-TLN-KJN, 2014 WL 3749369, at *4 (E.D. Cal. July

29, 2014) (observing "that this court does not agree that a no contest plea should automatically insulate a subsequent section 1983 action from *Heck*'s reach," but finding that "*Lockett* is binding upon a district court"), *report and recommendation adopted,* No. 2:14-CV-620-TLN-KJN, 2014 WL 4368141 (E.D. Cal. Sept. 2, 2014); *Leon v. San Jose Police Dep't*, No. 5:11-CV-05504 HRL, 2013 WL 5487543, at *4 (N.D. Cal. Sept. 30, 2013) (same). The undersigned agrees that the Ninth Circuit's jurisprudence on *Heck*'s applicability to convictions obtained by way of pleas is not a model of clarity, but also joins those district courts within the circuit to find that these Ninth Circuit's decisions are reconcilable. As one district court has summarized:

> Taken together, the precedent discussed above indicates that *Heck*'s inapplicability to certain cases involving [] pleas is essentially an application of the harmless error exception first recognized in *Heck* itself, or more generally, the rule that success on a claim must necessarily imply the invalidity of the conviction in order to be barred by *Heck*. Where an alleged constitutional violation relates only to evidence that might or might not be admissible despite the error, might or might not be necessary to convict the defendant at trial, and regardless is not necessary for the defendant to enter a [] plea, then a successful claim that the evidence was obtained in violation of the constitution would not necessarily imply the invalidity of the conviction. Accordingly, in considering whether *Heck* bars claims of other constitutional violations by defendants who have pled [] to crimes, a court must look to what effect such a violation would necessarily have on the validity of the conviction.

*Farrow*, 2017 WL 1540637, at *9; *see also Gordon v. Perris Police Station,* No. EDCV 18-315-RGK (AGR), 2019 WL 3021465, at *5 (June 14, 2019) ("A *Heck* bar may be based on a conviction resulting from a guilty or no contest plea, depending on the nature of the § 1983 claims and the factual basis for the plea."), *report and recommendation adopted*, 2019 WL 3017764 (C.D. Cal. July 10, 2019); *Best,* 2019 WL 1461921, at *10 ("Following *Byrd*, it seems that in the Ninth Circuit, whether a section 1983 claim will be *Heck*-barred when the underlying conviction was obtained pursuant to a no contest (or guilty) plea depends on the allegations in the section 1983 action and the evidentiary basis of the conviction."); *Taylor*, 2017 WL 6550590, at *8 ("[T]he [Ninth Circuit's] decisions are reconcilable if they are understood as together standing for the proposition that a § 1983 action is *Heck*-barred when successfully proving the plaintiff's § 1983 claims would fatally undermine the factual basis of an outstanding plea-based conviction, because under such circumstances the § 1983 action challenges the validity of the outstanding

11

conviction."); *Covey v. Assessor of Ohio Cty.*, 777 F.3d 186, 197 (4th Cir. 2015) ("[A] civil-rights claim does not necessarily imply the invalidity of a conviction or sentence if (1) the conviction derives from a guilty plea rather than a verdict obtained with unlawfully obtained evidence and (2) the plaintiff does not plead facts inconsistent with guilt.") (citing *Lockett v. Ericson*, 656 F.3d 892, 897 (9th Cir. 2011).

Plaintiff counters that the constitutional and state law based claims he asserts in this civil action are not Heck-barred solely because his criminal "conviction [wa]s derived from a plea rather than from a verdict obtained by supposedly illegal evidence." (Doc. No. 31 at 3.) Plaintiff's position is obviously contrary to the undersigned's interpretation of the Ninth Circuit's decisions in this area as explained above. Adoption of plaintiff's argument would render *Heck* entirely inapplicable where an underlying criminal conviction was obtained by way of plea. The Ninth Circuit did not so hold in *Lockett*, and its decisions in *Ove* (on which the court in *Lockett* relied) and in *Byrd* make clear that plaintiff's contention has been rejected by that court. Rather, whether a § 1983 or other civil claim is *Heck*-barred where the underlying criminal conviction was obtained by way of plea (whether no contest or guilty) turns on the nature of the allegations in the civil action, the factual basis of the criminal conviction, and whether success on the former would undermine the validity of the latter. Accordingly, below the court will analyze whether plaintiff succeeding on his Fourth Amendment and other civil claims in this action would necessarily imply the invalidity of his conviction obtained pursuant to his no contest plea.

In this action, plaintiff alleges that defendants violated his Fourth Amendment rights by searching, seizing, and arresting him "without reasonable suspicion or probable cause" and by searching the rental truck "without Plaintiff's consent or the consent of his guests." (FAC at 15–18.) These claims, however, are inconsistent with his plea in the underlying criminal prosecution. As demonstrated by that plea, which the court has taken judicial notice of, plaintiff "freely and voluntarily plead . . . NO CONTEST to the charge[]" of opening or maintaining a place for the purpose of selling a controlled substance (honey oil), in violation of California Health & Safety Code § 11366 (Doc. No. 28-1 at 38.) In his plea, plaintiff also acknowledged that he "underst[ood] that the court [wa]s required to find a factual basis for [his] plea to make sure that

[he] [was] entering a plea to the proper offense[] under the facts of the case." (*Id.*) Most importantly, plaintiff specifically acknowledged that he "underst[ood] that the court may consider the following as proof of the factual basis for [his] plea: . . . [the] Police report."[6] (*Id.*) The police report upon which the factual basis for plaintiff's plea of no contest was explicitly based, in turn, recited the following facts:

1. "[T]here is probable cause to believe this arrestee has committed a crime." (Doc. No. 28-1 at 73.)

2. After responding to a possible burglary, "[o]fficers observed large equipment used to extract THC from marijuana in the back of a moving truck along with the odor of marijuana." (*Id.* at 74) (emphasis omitted); (*see also id.* at 80) (after arriving at the Property, defendant Hansen "looked at the Penske moving truck which had the back door all the way up and open" and "observed large equipment in the back of the truck [that he] recognized as being used to possibly make honey oil and extract THC from marijuana"); (*id.*) (defendant Hansen "walked closer to the Penske truck and equipment and could smell a strong odor of marijuana emitting from the truck and equipment").

3. "Officers observed multiple plant chemicals inside the residence." (*Id.*) (emphasis omitted); (*see also id.* at 80) (defendant Hansen "got approximately 10 feet from the front wooden and glass doors [and could] smell a strong odor of marijuana emitting from the

/////

---

[6] Next to each of these statements on his change of plea form, plaintiff placed his initials and signed the final page, where it was noted that "[he] ha[d] read or ha[d] read to [him] th[e] form and ha[d] initialed each of the items that applie[d] to [his] case." (Doc. No. 28-1 at 40.) Moreover, at the change of plea hearing, the state trial court asked plaintiff's attorney if he had discussed with plaintiff the possible consequences of his plea and whether counsel joined in the waiver, stipulated to the factual basis, and consented to plaintiff's change of plea, and plaintiff's attorney answered those questions in the affirmative. (*Id.* at 54.) Accordingly, plaintiff's contention that he did not stipulate to the factual basis for his plea (Doc. No. 31 at 4) is wholly without merit. Moreover, plaintiff's reliance on the decision *People v. Willard*, 154 Cal. App. 4th 1329, 1334 (2007), for the proposition that a stipulation to the existence of a factual basis without any reference to a document in the record is insufficient to establish an actual factual basis for a plea (Doc. No. 31 at 4) is misplaced given the record in this case. For, here, plaintiff's stipulation to a factual basis for his no contest plea specifically *did* reference a document (the police report) as providing the specific factual basis for that plea. (*See* Doc. No. 28-1 at 38.)

| | |
|---|---|
| 1 | front doors of the residence" and he "stood about 3 feet from the front door . . . [and] |
| 2 | observed multiple containers in the hallway that appeared to be some sort of chemicals"). |
| 3 | 4. "Officers obtained a search warrant for the residence and located multiple 50 gallon trash |
| 4 | bags containing marijuana along with several 50 gallon containers with hazardous |
| 5 | chemicals." (*Id.*) (emphasis omitted). |
| 6 | 5. "Inside the residence appeared to be used to first illegally grow marijuana and then extract |
| 7 | THC from marijuana and make honey oil." (*Id.*) (emphasis omitted); (*see also id.* at 80) |
| 8 | ("There were also large 50 gallon containers containing chemicals such as hydrogen |
| 9 | peroxide and ethanol. In the hallway were several containers of chemicals as well as |
| 10 | boxes containing glass beakers and different types of valves. There were also more boxes |
| 11 | that contained a large amount of unknown dark brownish tar in glass mason jars."); (*id.*) |
| 12 | ("[T]here was large equipment that was used to cook or pressurize the marijuana with |
| 13 | multiple 5 gallon containers labeled 'house ethanol' containing an unknown fluid."). |
| 14 | 6. "There were also marijuana grow lights in the garage and make shift breaker panels |
| 15 | installed inside the residence bypassing the electric meter." (*Id.*) (emphasis omitted); (*see* |
| 16 | *also id.* at 81) ("In the garage were several grow lights along with large air filters and |
| 17 | more 50 gallon containers of plants[,] chemicals and hydrogen peroxide."). |

Because plaintiff stipulated to these specific facts as providing the factual basis for his no contest plea, the claims he is attempting to assert in this action based upon his allegation that defendants violated his Fourth Amendment rights by searching and seizing him and his belongings without any probable cause or reasonable suspicion to do so are barred by *Heck*. This is so because were plaintiff to prevail on his claims in this civil action it would necessarily call into question the validity of his criminal conviction obtained by way of his no contest plea in which he admitted that defendants had probable cause and admitted facts establishing a reasonable suspicion and/or probable cause to seize and arrest him and search him and his property. *See, e.g.*, *Walton v. Cty. of Sutter*, No. 2:18-cv-00080-TLN DB PS, 2019 WL 3522463, at *3 (E.D. Cal. Aug. 2, 2019) ("[P]laintiff is challenging his arrest for the same crime he was later convicted for [by plea]. In this regard, if plaintiff's arrest was proven to be invalid that

would imply the invalidity of his conviction [by plea]."), *report and recommendation adopted,* No. 2:18-cv-00080-TLN-DB, 2019 WL 4166830 (E.D. Cal. Sept. 3, 2019); *Kowarsh*, 2015 WL 2406785, at *8 ("If Plaintiff successfully showed that Defendants Jay and O'Connell maliciously prosecuted him by ignoring exculpatory blood evidence, this would reveal an inconsistency with his no contest plea by suggesting that he contested the charges against him and had evidence to support his opposition. At bottom, his current claim implies that the sentence he served as part of his no contest plea was invalid."); *Shabazz v. Parris*, No. CV 12-5803-SVW DFM, 2014 WL 2986485, at *4 (C.D. Cal. May 27, 2014) ("Because Plaintiff is alleging that officers engaged in an illegal search and seizure in relation to the criminal charges for which he was ultimately indicted, his claims appear to be foreclosed by *Heck* because he has pleaded guilty in the Criminal Case."), *report and recommendation approved,* No. CV 12-05803-SVW DFM, 2014 WL 2986508 (C.D. Cal. July 2, 2014).

Plaintiff attempts to circumvent this conclusion by arguing that "the initial search by Defendant Hansen of the Penske truck is temporally and spatially separate from the . . . plea [] facts . . . which occurred four to five hours later after Plaintiff's original detention." (Doc. No. 31 at 4–5.) In other words, plaintiff argues that "[t]he search of the home is what the plea of no contest is based upon and not the initial search of the Penske truck." (*Id.* at 5.) Plaintiff's arguments in this regard are both unsupported and unpersuasive. First, the factual basis for plaintiff's no contest plea—the police report—reflects that "[o]fficers observed large equipment used to extract THC from marijuana in the back of a moving truck along with the odor of marijuana." (Doc. No. 28-1 at 74) (emphasis omitted); (*see also id.* at 80) (after arriving at the Property, defendant Hansen "looked at the Penske moving truck which had the back door all the way up and open" and "observed large equipment in the back of the truck [that he] recognized as being used to possibly make honey oil and extract THC from marijuana"); (*id.*) (defendant Hansen "walked closer to the Penske truck and equipment and could smell a strong odor of marijuana emitting from the truck and equipment"). Plaintiff stipulated to these facts as the basis for his no contest plea and those facts established both probable cause and a reasonable suspicion with respect to the search of the truck. If plaintiff were now permitted to proceed with his claims

15

in this action challenging the legality of the officers' search of the Penske truck, he would necessarily be calling into question his criminal conviction obtained by way of his plea. Second, the officers' search of the Property was not "temporally and spatially separate" from their initial search of the truck. Rather, the facts and evidence gleaned by the officers during their search of the truck formed part of the basis for the issuance of the warrant to search the house. Indeed, the affidavit that defendant Hansen submitted to obtain the search warrant at issue notes that he had already "observed different types of large equipment used for extracting THC from marijuana" and that he "could also smell a strong odor of marijuana emitting from . . . the moving truck." (*Id.* at 8.) In other words, the search of the truck *was* in fact closely related to the search of the Property. Finally, the court notes that plaintiff perhaps could have limited the factual basis for his plea to the search of the Property, but this he did not do. Instead he broadly agreed to the police report as the factual basis for his plea. *See Winder v. McMahon*, 345 F. Supp. 3d 1197, 1206 (C.D. Cal. 2018) ("[Plaintiff] agreed in his criminal case to a factual basis, and cannot now pick apart the [police report] that forms that factual basis—revising his own position in an attempt to be consistent with only portions of it—in order to manufacture 'two isolated factual contexts' to maintain his claim. Only one factual context . . . exists according to the [plea]."), *appeal dismissed sub nom. Winder v. Cty. of San Bernardino*, No. 18-56598, 2019 WL 1077010 (9th Cir. Jan. 25, 2019).

The court concludes that plaintiff's first and second causes of action—alleging that defendants searched and seized him and his property in violation of his Fourth Amendment rights—are barred by *Heck*. Accordingly, the court will grant defendants' motion to dismiss these two claims without leave to amend. *See AmerisourceBergen Corp. v. Dialysist W. Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (leave to amend need not be granted when amendment would be futile) (citing *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)); *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004) (affirming the dismissal of § 1983 complaint without leave to amend because amendment would have been futile due to the applicability of the *Heck* bar).

/////

### C. Plaintiff's State Law Claims are Barred by *Yount*

Defendants also move to dismiss plaintiff's remaining state law claims. Specifically, they contend that plaintiff's state law conversion, intentional infliction of emotional distress, false arrest and imprisonment, negligence, and Bane Act claims are all barred by application of the holding in *Yount v. City of Sacramento*, 43 Cal. 4th 885 (2008), California's state-law equivalent to *Heck*. *See id.* at 902 ("*Heck*, of course, is a rule of federal law that applies only to federal causes of action that challenge the validity of a state conviction. But we cannot think of a reason to distinguish between section 1983 and a state tort claim arising from the same alleged misconduct . . . .") (citation omitted); *Fetters v. Cty. of Los Angeles*, 243 Cal. App. 4th 825, 835 (2016) ("In *Yount* . . ., our Supreme Court adopted *Heck* . . . ."). Defendants contend that "[f]or the same reasons *Heck* relief is warranted as to the federal claims, *Yount* is warranted on the above-specified state claims." (Doc. No. 28 at 23.) In opposition, plaintiff argues merely that "[f]or the same reasons *Heck* does not bar [his] claims it does not override his state claims either." (Doc. No. 31 at 8.)

The basis for each of plaintiff's state law claims asserted in this civil action is that defendants acted without probable cause or reasonable suspicion when they detained him, searched the truck, arrested him, and thereafter searched his house pursuant to a search warrant and seized his property. (*See, e.g.*, Compl. at ¶ 108 (alleging that "Defendants' conduct in unlawfully and unjustifiably arresting Plaintiff with no probable cause" as the basis for his IIED claim); ¶ 114 (alleging that "Defendants . . . detained Plaintiff without reasonable suspicion" as the basis for his false arrest/imprisonment claims); ¶ 121 (alleging that "Defendants . . . had a legal duty to . . . refrain from searching the Subject Property in the absence of any legal basis for a search" as the basis for his negligence claim); and ¶ 128 (alleging that "Defendants . . . interfered with . . . the rights of Plaintiff Chavez . . . to be free from unreasonable searches and seizures" as the basis for his Bane Act claim).) Plaintiff's state law claims are therefore barred by *Yount* for the same reasons that his federal claims alleging Fourth Amendment violations are barred by *Heck*, namely that plaintiff stipulated as the factual basis for his plea in state court that the officers had reasonable suspicion and/or probable cause to search and seize him and his

property, and his state law claims in this action directly challenge that factual basis. Although plaintiff's conversion claim does not allege that the officers lacked probable cause to seize his belongings, a conversion claim requires proof establishing that the defendant converted the property by a wrongful act or disposition of property rights. *See Spates v. Dameron Hosp. Assn.*, 114 Cal. App. 4th 208, 221 (2003). Here, plaintiff stipulated that the officers obtained a search warrant to search for and seize items from the Property and that probable cause existed. Thus, plaintiff's conversion claim is also barred by *Yount*. Accordingly, the court will also grant defendants' motion to dismiss plaintiff's state law claims for conversion, intentional infliction of emotional distress, false arrest and imprisonment, negligence, and Bane Act violations without leave to amend. *See AmerisourceBergen Corp.*, 465 F.3d at 951 (leave to amend need not be granted when amendment would be futile).

**D.     The Court Need Not Address Defendants' Remaining Arguments**

Having concluded that each of plaintiff's causes of action is either barred by *Heck* or *Yount*, and that the FAC must therefore be dismissed without leave to amend, defendants' remaining arguments—that California Government Code § 821.6 bars plaintiff's conversion and negligence claims, and that the items seized by the officers from the Property were within the scope of the search warrant—have been rendered moot. Accordingly, the court need not address those arguments.

**CONCLUSION**

For the reason explained above:

1. Defendants' motion to dismiss (Doc. No 28) is granted without leave to amend; and

2. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**March 12, 2020**__         *Dale A. Drozd*
                                      UNITED STATES DISTRICT JUDGE

18